**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JACQUELINE M. CORNELL, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:07-CV-574 ) |
| SHERIFF FRANK CANARECCI, JR., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Judgment on the Pleadings Directed to Plaintiff's First Amended Complaint, filed by Defendants, Memorial Home Care, Inc., Nurse Debra Beck, R.N., and Nurse Carol, on June 6, 2008. For the reasons set forth below, this motion is **GRANTED IN PART and DENIED IN PART**. As a result, Plaintiff's Section 1983 Eighth Amendment claim and loss of consortium claim contained in Count I is **DISMISSED** as to Defendants, Memorial Home Care, Inc., Nurse Debra Beck, R.N., and Nurse Carol. Count III is also **DISMISSED.**[1] As a result, the only claims remaining against these Defendants is the Fourteenth

---

[1] It should be noted that this Court does not read Count II of the Complaint to state a cause against these Defendants. Thus, while Defendants request to dismiss this Count is denied as moot, Count II is not pending against these Defendants.

-1-

Amendment claim and state law loss of consortium claim, both contained in Count I.

BACKGROUND

According to the allegations contained in the amended complaint, on November 16, 2005 an intoxicated Gregory Cornell ("Cornell") was detained, interviewed, and arrested by the Mishawaka Police. (Am. Cmplt ¶¶ 24, 25). During that time, Cornell's wife, Plaintiff Jacqueline Cornell, informed to the police officers that she and her husband were going through divorce proceedings and that her husband had a drug addiction. (Am. Cmplt ¶ 26).

Cornell was then taken to the St. Joseph County Police Department Jail and booked for possession of a controlled substance. (Am. Cmplt ¶¶ 28-29). While in the booking process Cornell disclosed a number of his medical issues to the correctional staff, including stress from his divorce and child custody dispute, back problems that caused difficulty for him to sleep, and previously using Lortab and Vicodin. (Am. Cmplt ¶¶ 31, 32, 35).

After Cornell had given this information and completed the booking process, he was placed in the general population of the prison without being given a full medical or psychological assessment. (Plaintiff's Complaint ¶ 36). The Medical Defendants

had knowledge of and access to the written records of Cornell's prior booking and the related medical records. These documents showed Cornell had a history of drug use. (Am. Cmplt ¶ 36). These records gave the Medical Defendants knowledge of Cornell's drug abuse and suicidal ideation. In addition to Defendants' knowledge of Cornell's history, Defendant Beck knew that Cornell was intoxicated by drug use during the November 16, 2005, incarceration. (Am. Cmplt ¶ 36). Defendant Carol knew that Cornell needed to be reevaluated, but Cornell was never reevaluated. (Am. Cmplt ¶ 36).

While intoxicated, Cornell started to experience withdraws to his pain medication and told his fellow inmates he was contemplating suicide. (Am. Cmplt ¶ 41). Cornell then directly, or through his fellow inmates, informed Defendants of his suicidal intentions. (Am. Cmplt ¶ 41). Cornell also telephoned both his wife, Jacqueline, and his mother Mary Jo Cornell ("Mary Jo") to tell them of his contemplation of suicide. (Am. Cmplt ¶¶ 42-43). Mary Jo called the St. Joseph County Police Department Jail, informed them of Cornell's suicidal thoughts, and requested that either the correctional staff or medical staff do something to help her son. (Am. Cmplt ¶ 44). When Mary Jo informed the correctional staff that Cornell had stated he was thinking of committing suicide she was told that not to worry because everyone in jail "talks that way." (Am. Cmplt ¶ 44).

The day after Mary Jo had informed correctional staff that Cornell was contemplating suicide, Cornell ran up a flight of stairs, jumped over a railing, fell ten to twenty feet, and landed on the concrete floor. (Am. Cmplt ¶ 46). Cornell was sent to South Bend Memorial Hospital where he died the following day. (Am. Cmplt ¶ 47).

Jacqueline Cornell was made Personal Representative to Cornell's Estate and brought the three count amended complaint in representation of the Estate of Gregory Brian Cornell. Only Counts I and III are directed at the Medical Defendants. Count I alleges a violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, claiming the Medical Defendants were deliberately indifferent to Cornell's psychological and medical needs and intentionally denied medical care to Cornell, even though they knew he needed medical attention for drug withdrawal and/or suicide. That count also brings federal and state derivative claims for loss of consortium. Count III alleges Medical Defendants were negligent and failed to use due care in treating Cornell.

Defendants Memorial, Beck, and Carol (collectively "Medical Defendants") bring the instant motion for judgment on the pleadings claiming that Plaintiff has not stated a claim which relief can be granted. Medical Defendants assert that Plaintiff cannot meet the requirement of professional judgment standard required for Count I. In addition, the Medical Defendants assert that this Court does not

have the proper jurisdiction to rule on Count III.

DISCUSSION

Legal Standard

A party is permitted under Rule 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id*. at 452-453.

Plaintiff's "Answer" to Defendants' Motion

Before the Court addresses the instant motion, it cannot go

unnoticed that Plaintiff's response to the instant motion is deficient. Plaintiff treats his response - both nominally and substantively - as an answer to a pleading instead of as a response to a motion. Plaintiff merely admits and denies various paragraphs of Defendants' motion as an answer would admit and deny allegations contained in a complaint, rather than addressing the issues raised by Defendants' motion. While the format of Plaintiff's submission is curious, it is troublesome to the Court that Plaintiff does not articulate his legal opposition to Defendants' arguments. Notably, Plaintiff cites only one case in his response and, even then, fails to explain the significance of that legal citation.

This Court will not do a party's legal research nor make its arguments, see, *e.g., Tyler v. Runyon,* 70 F.3d 458, 465 (7th Cir. 1995)(recognizing that courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise flushing out arguments that parties themselves do not adequately support). Indeed, "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point . . .." *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)(citation omitted). The Court will keep these principles in mind as it rules on the instant motion.

## Motion to Dismiss

### The Eight Amendment deliberate indifference claim in Count I must fail because Cornell was a pre-trial detainee at all relevant times

Plaintiff brings a section 1983 action in Count I, alleging deliberate indifference under the Eight and Fourteenth Amendments to Cornell's medical needs. The Eighth Amendment is inapplicable in this case as Cornell was a pretrial detainee at the times alleged in the amended complaint. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). This is not to say that Cornell was not entitled to protection as a pretrial detainee. It only means that his protection is not found in the Eighth Amendment.

### The Fourteenth Amendment claim survives because it is premature to determine whether Defendants met the Professional Judgment Standard

The Fourteenth Amendment gives a pre-trial detainee at least the same protection that a prisoner has under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Deliberate indifference is the threshold for establishing liability under the Fourteenth Amendment. *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006). The deliberate indifference standard has both a subjective and objective element. The objective harm must be that "1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately

-7-

indifferent to the substantial risk to the prisoner's health and safety." *Collins*, 462 F.3d at 760, citing *Matos ex. Rel. Matos v. O'Sullivan*, 335 F.3d 553,556 (7th Cir. 2003). In prison suicide cases, the objective element is met by the virtue of the suicide itself. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). And, if the harm was suicide then the subjective component must show that: "1) the defendant subjectively knew the prisoner was at substantial risk of committing suicide and 2) intentionally disregarded the risk." *Id.* at 761.

To establish deliberate indifference, Plaintiff must show that the defendant not only knew the facts that could draw an inference of danger, but that the defendant also drew that inference of danger. *Id*. Claims of deliberate indifference against medical personnel are evaluated under the professional judgment standard. *Collignon v. Milwaukee County*, 163 F.3d 982,988 (7th Cir 1998); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254,261-262 (7th Cir 1996). When dealing with the professional judgment standard, neither mere negligence, nor gross negligence, is enough to make a constitutional claim, the act must be so harmful that it may be classified as deliberate indifference to Cornell's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, if the medical decision is not in the medical personnel's area of expertise then the professional judgment standard is not use and deliberate indifference is used. *Collignon*, 163, F.3d at 989. In

such a case, a medical professional is liable for their actions only if the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards that the decision demonstrates that the person did not base the decision on their professional. *Fromm*, 94 F.3d at 261-262.

Although Medical Defendants argue Plaintiff has not pled sufficient facts to meet the professional judgment standard, or the deliberate indifference standard, a motion for judgment on the pleadings is not the proper context to measure the actions of a defendant against a standard that could protect them from liability. *Minix ex rel. Zick v. Canarecci*, No. 3:05-CV-144 RM, 2007 WL 1970936 at *3 (N.D. Ind. July 3, 2007). This issue is more appropriately addressed in a motion for summary judgment rather than at the pleading stage.

Plaintiff argues that Memorial is liable because they failed to train Defendants Beck and Carol and created a policy of the deliberate indifference. To allow Memorial to be liable the Court must weigh the factors to see if a private organization can be held liable. For a private organization to be liable there must be either "1) an express policy that, when enforced, causes a constitutional deprivation, (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or

usage' with the force of law,' " or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter v. Vigo Sch. Corp.*, 26 F.3d 728,734-35 (7th Cir. 1994)(citations omitted).

Medical Defendants argue they should be granted their motion because they are not liable because they passed the test of a standard that makes them immune from Plaintiffs claims. Again, though, this argument is premature at this stage and for that reason cannot be granted. *Canarecci*, 2007 WL 1970936 at *3.

### Count II does not state a claim against Medical Defendants

It does not seem as though Count II is directed at Medical Defendants. Indeed, the heading of Count II states:

> VIOLATION OF CIVIL RIGHTS PURSUANT TO THE FOURTH, FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AND 42 U.S.C. § 1983, 1988 AS TO CORRECTIONAL STAFF TO WIT CANARECCI, JR., OLMSTEAD, BOTICH, LAWSON, SANDOVAL, SUSAN E, ANTONELLI, PANGALLO, GARDNER, REPPERT, MAREK, KOSKI, JOHN DOE

Moreover, Plaintiff indicates in the allegations of the amended complaint that the Medical Defendants are only targeted in Counts I and III. (Am. Cmplt ¶ 90). Because this Court interprets no claim against the Medical Defendants in Count II, no further discussion is required.

### This Court is without jurisdiction over the medical malpractice claim because the review panel has yet to issue a decision

In Count III, Plaintiffs allege Medical Defendants were negligent in their treatment of Cornell. A state law claim of medical negligence is governed by the Indiana Medical Malpractice Act, which provides that "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel . . .; and (2) an opinion is given by the panel." Ind. Code § 34-18-8-4. This requirement applies to actions in federal court in Indiana, just as it applies to actions in Indiana state courts. *Hines v. Elkhart General Hospital*, 603 F.2d 646 (7th Cir. 1979).

In the amended complaint, Plaintiff concedes that this claim is subject to the requirements of the medical review panel and further concedes that the panel has not yet provided an opinion. (Am. Cmplt. ¶ 82). Consequently, Plaintiff requests this claim be stayed until an opinion is rendered. (Am. Cmplt ¶ 82). However, such a procedure is inappropriate as this Court does not have jurisdiction over the claim. See *Jones v. Griffith*, 870 N.E.2d 1363, 1368 (7th Cir. 1989)(Until plaintiff "can file suit there can be no federal jurisdiction. The proceeding before the panel, together with any ancillary proceeding in an Indiana state court to instruct the panel, is under Indiana law a condition precedent to

-11-

the maintenance of a lawsuit.").

Plaintiff's federal derivative claims fail

In Count I Plaintiff brings a claim for loss of consortium, society and companionship stemming from the death of Cornell. Defendants assume that Plaintiff brings this derivative claim under Section 1983 only and challenges the claim as such. However, Plaintiff seemingly brings a derivative claim under both Section 1983 and state law. (Am. Cmplt ¶ 75). To the extent Plaintiff brings a loss of consortium claim under Section 1983, it is dismissed. *Thompson v. City of Chicago*, 472 F.3d 444, 452-53 n.25 (7th Cir. 2006); *Russ v. Watts*, 414 F.3d 783, 787-91 (7th Cir. 2005). However, to the extent this claim is brought under state law, it is unchallenged and remains.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED IN PART and DENIED IN PART**. As a result, Plaintiff's Section 1983 Eighth Amendment claim and loss of consortium claim contained in Count I is **DISMISSED** as to Defendants, Memorial Home Care, Inc., Nurse Debra Beck, R.N., and Nurse Carol. Count III is also **DISMISSED.** As a result, the only claims remaining against these

-12-

Defendants is the Fourteenth Amendment claim and state law loss of consortium claim, both contained in Count I.

**DATED: November 4, 2008**       **/s/RUDY LOZANO, Judge**
                                   **United States District Court**